IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-02178-RPM

JAMES GONZALEZ,

    Plaintiff,

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

ORDER AFFIRMING DECISION
_____

    James Gonzalez, born April 17, 1951, has been seeking disability payments from the Social Security Administration since May 13, 1999 when he filed his first application. It was denied. A second application was filed on February 29, 2000, alleging an inability to work, beginning October 1, 1997, due to back pain. He had been employed as a boiler operator in a power plant. Administrative Law Judge (ALJ) Antoinette Martinez held a hearing in Pueblo, Colorado on June 13, 2001 and issued a decision on November 27, 2001, finding that although Mr. Gonzalez had back pain, osteoarthritis of the right knee, major depression, hypertension and borderline intellectual functioning as severe impairments making him unable to perform his work as a boiler operator, and was unable to perform a full range of light work, he was capable of employment as "an assembler, cashier/checker and packager." ALJ Decision, Doc. 28-1.

    On June 28, 2002, Mr. Gonzalez filed another application for benefits, again alleging October 1, 1997 as the date of disability. A hearing was held before ALJ Keohane on December 15, 2005, at which the claimant amended the onset date to April

17, 2001, his fiftieth birthday. In his decision, dated January 17, 2006, ALJ Keohane determined that Mr. Gonzalez was not prevented from performing his past work as a boiler operator. The impairments listed in the decision were "degenerative disc disease of the lumbar spine, left shoulder osteoarthritis and left ulnar neuropathy, "AR Ex. 14J".

The decision was vacated by this court's order of November 14, 2007, ruling that the ALJ was in legal error in rejecting the report of Dr. Michael Barris of the Pueblo Community Health Center, where Mr. Gonzalez had been seeking medical treatment since 1998, in deference to the opinion of the state agency reviewing physician, Dr. Twombly.

After remand, ALJ Keohane conducted another hearing on July 9, 2008 and issued a decision on July 31, 2008, again denying disability at Step Four of the sequential evaluation process, finding that Mr. Gonzalez was capable of performing the work of a boiler operator as described in the Dictionary of Occupational Titles, despite the severe impairments of degenerative disc disease of the lumbar spine and osteoarthritis of the left shoulder, AR 297-308. That decision is now under review as provided by U.S.C. § 405(g).

The medical records before the ALJ included further reports from Dr. Barris, including treatment for pain in the right knee, major depressive disorder and ulnar neuropathy . In a letter, dated June 4, 2004, Dr. Barris opined that because of severe degenerative arthritis involving the right knee, lumbosacral radiculitis, major depressive disorder and ulnar neuropathy, Mr. Gonzalez was limited in ability to obtain gainful employment and required chronic pain medication, AR 138.

2

The ALJ found that the limitations expressed by Dr. Barris and in the testimony of the claimant were not so severe as to be disabling, citing the lack of objective evidence supporting the complaints of pain.

The ALJ relied on the opinions of two examining physicians, Dr. Moser, who saw Mr. Gonzalez in October, 2002 and Dr. Arnold, who examined the claimant in April 2008. Dr. Arnold's report identified low back pain and right shoulder pain as the main complaints at the time of the examination. AR 364-370. He did not perform lumbar range of motion testing because of pain complaints. Range of motion testing of the knee and shoulder was given. In completing the SSA evaluation form, Dr. Arnold found few exertional limitations , AR 371-376. The ALJ rejected that assessment but concurred with the view that objective evidence was lacking.

Mr. Gonzalez gave extensive testimony of the effects of pain on his daily activities at both hearings before ALJ Keohane. The ALJ discounted most of the testimony as not credible. He gave extensive justification of the reasons for his credibility determinations in the second opinion.

If the opinions expressed by Dr. Barris and the testimony of Mr. Gonzalez had been accepted, the necessary conclusion would have been that the claimant was unable to perform any gainful employment. The question before the court is whether the contrary conclusion that he could return to his former work is sufficiently supported by the evidence as viewed by the ALJ in the exercise of his authority.

Claimant's counsel makes much of the difference in the findings made by ALJ Martinez and ALJ Keohane, particularly as to the impairments of major depression and borderline intellectual functioning found by ALJ Martinez. It is argued that those

findings must be considered as administrative res judicata, citing 42 U.S.C. § 405(h) and several opinions from circuit courts other than the Tenth Circuit Court of Appeals. That argument is rejected. There have been almost nine intervening years of treatment. The relevant time periods are so substantially different that the 2001 decision cannot be binding as to the ultimate facts.

The claimant also asserts the applicability of Listing 12.O5C for mental retardation, relying on testing done by Dr. Valette, finding an IQ of 70. That report has been added to the record presented to this court. It is insufficient to meet all of the requirements of that listing.

The pivotal question in this case is whether the credibility findings made by ALJ Keohane have been adequately explained by him and warrant the deference due to the finder of fact. It is not limited to the testimony at the hearing; it also concerns the claimant's complaints to Dr. Barris because the principal reason given by the ALJ for the rejection of the opinions of Dr. Barris is the subjective basis for them. As a treating physician, Dr. Barris must rely on the history given to him by his patient and his responses of pain expressed during testing. It would have been helpful to have had some of the additional specialized diagnostic testing suggested by Dr. Barris but the reality is that Mr. Gonzalez could not pay for them.

Under the limitations of the standard of judicial review this court finds that the findings of ALJ Keohane on the conflicting evidence before him are sufficiently supported by the evidence. It is therefore

ORDERED that the decision is affirmed.

DATED: September 14th, 2011.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge